George **MONTESANO**, Angela Cerame, Theresa Johnson, Irene Kulesa, Steven Petrykiewicz, Gina Prince, Charlene Sinclair, Patrick R. Nolan, Paula Dolan, Carmela Heintzelman, Jean Swartz and Jill Dehollander, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

Theresa Johnson, Plaintiff,

v.

**XEROX CORPORATION** Retirement Income Guarantee Plan, Xerox Corporation Stock Ownership Plan, Xerox Corporation Profit Sharing & Savings Plan, Xerox Corporation Life Insurance Plan, Xerox Corporation Medical and Dental Plans, Xerox Corporation, Patricia M. Nazemetz, Plan Administrator, Sally L. Conkright, Plan Administrator and Members of the

Board of Directors of Xerox, Individually, sued herein as John and Jane Does numbered 1–10, Defendants–Appellees.

No. 00–9266.

United States Court of Appeals, Second Circuit.

Argued June 5, 2001.

Decided July 3, 2001.

William D. Frumkin, Sapir & Frumkin LLP, White Plains, NY, for Plaintiffs–Appellants.

Jonathan L. Sulds, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York, NY, (Risa B. Cherry, on the brief) (Jeffery Hellman, Zeisler & Zeisler, P.C., Bridgeport, CT, of counsel) for Defendants–Appellees.

Nathaniel I. Spiller, U.S. Department of Labor, Washington, DC, (Judith E. Kramer, Acting Solicitor of Labor, Allen H. Feldman, and Ellen L. Beard, on the brief) for Amicus Curiae the Secretary of Labor.

Mary Ellen Signorille, AARP, Washington, DC, (Melvin Radowitz, on the brief) (Paula Brantner, National Employment Lawyers Association, San Francisco, CA, and Jeffrey Lewis, Sigman, Lewis & Feinberg, Oakland, CA, of counsel) for Amici Curiae AARP and National Employment Lawyers Association.

Michael S. Horne, Covington & Burling, Washington, DC, (John M. Vine and Michael C. Nicholson, Covington & Burling, New York, NY, on the brief) (Jan S. Amundson and Quentin Riegel, National Association of Manufacturers, and Daniel V. Yager, LPA, Inc., Washington, DC, of counsel) for Amici Curiae The ERISA Industry Committee, the National Association of Manufacturers, and LPA.

Before WINTER, McLAUGHLIN, and POOLER, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from a judgment of the United States District Court for the District of Connecticut (Nevas, *J.*) granting defendants' motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) and dismissing all of plaintiffs' several claims brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and § 198–c of the New York State Labor Law.

The history of this case is set out exhaustively in the published decision of the

district court. *Montesano v. Xerox Corp. Ret. Income Guarantee Plan,* 117 F.Supp.2d 147 (D.Conn.2000). We therefore present only an abbreviated version of the background.

Plaintiffs are current and former "supplemental contract workers" who have worked for defendant Xerox Corporation ("Xerox") at its facilities in the Rochester, New York area. They were assigned to work at Xerox by various third-party employee leasing agencies, *e.g.,* TAD, Kelly, Man Power, and Superior. Although they worked at Xerox, plaintiffs were always paid, and their payroll taxes were always withheld, by their respective employee leasing agencies.

Xerox has several employee benefit plans (the "Plans") for its employees. On two occasions in 1998, plaintiffs filed claims for benefits with Xerox's plan administrator. Plaintiffs argued that they were common law employees of Xerox and not otherwise excluded from participation under the terms of the Plans, and accordingly were entitled to benefits under those Plans. The plan administrator denied both claims.

After exhausting their administrative appeals, plaintiffs filed a putative class action on behalf of themselves and other similarly situated supplemental contract workers. The lawsuit sought review of the plan administrator's eligibility determinations and benefits under the Plans pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also alleged that: (1) Xerox had adopted its policy limiting the tenure of supplemental contract workers to a maximum duration of 18 continuous months for the sole purpose of interfering with those workers' rights to benefits in violation of § 510 of ERISA, 29 U.S.C. § 1140 (" § 510"); (2) the Plans' fiduciaries and individual Xerox directors had, under 29 U.S.C. § 1104(a), breached their ERISA fiduciary duties to

plaintiffs by classifying them as supplemental contract workers, requiring equitable relief under 29 U.S.C. § 1132(a)(3); and (3) Xerox owed plaintiffs vacation pay under New York Labor Law § 198–c.

Thereafter, Xerox moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In their opposition to Xerox's motion, plaintiffs also moved to amend their complaint to add two § 510 claims alleging that: (1) Xerox had terminated at least three plaintiffs under its policy of limiting the use of supplemental contract workers to 18 months and thus interfered with their ability to obtain benefits, Pl. First Am. Compl. ¶ 52; and (2) Xerox retaliated against plaintiff Jill DeHollander by failing to rehire her as previously scheduled after she became a plaintiff in this action, Pl. First Am. Compl. ¶ 52(b).

The district court granted plaintiffs' motion to amend their complaint, and then, considering the complaint as amended, granted Xerox's motion for judgment on the pleadings. *Montesano,* 117 F.Supp.2d at 167. The district court held that: (1) the plan administrator's decisions were subject to review under an "arbitrary and capricious" standard, *id.* at 155–60; (2) the plan administrator's decisions that plaintiffs were not employees within the meaning of the Plans were not arbitrary and capricious, *id.* at 160–64; (3) plaintiffs failed to state a § 510 claim for intentional interference with their protected rights under ERISA, *id.* at 164–65; (4) plaintiffs could not simultaneously maintain an ERISA claim for benefits and an ERISA claim for breach of fiduciary duty, *id.* at 165–67; and (5) plaintiffs could not maintain their state law claim for failure to provide paid vacation, *id.* at 167.

With the exception of the issue of DeHollander's retaliation claim, we find no error in the district court's conclusions. We therefore affirm for substantially the reasons stated by the district court.

Although the district court mentioned the § 510 claims raised in the amended complaint, *id.* at 164 & n. 12, and sufficiently addressed those claims in the context of plaintiffs' larger § 510 benefit interference allegation, *id.* at 164–65, the district court never acknowledged the *retaliation* claim raised by DeHollander in the amended complaint. Because there is no sign in its written opinion or elsewhere in the record that the district court addressed DeHollander's retaliation claim, we are constrained to infer that this claim escaped adjudication.

Therefore, we VACATE the district court's grant of the defendants' motion for judgment on the pleadings and dismissal of plaintiffs' action only as it applies to De-Hollander's retaliation claim; and we REMAND that claim alone for consideration under Xerox's motion for judgment on the pleadings.

The judgment of the district court is AFFIRMED in all other respects.